IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JASON RUFKAHR                                                                                    PLAINTIFF

VS.                          CASE NO. 3:14CV00173-BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Rufkahr appeals the final decision of the Commissioner of the Social Security Administration finding that he was no longer disabled, and therefore, no longer eligible for Disability Insurance Benefits under Title II of the Social Security Act. For reasons set out below, the Commissioner's decision is AFFIRMED.

**I.      Background**

On February 22, 2006, Mr. Rufkahr was found disabled as of February 16, 2001. However, on November 10, 2011, it was determined that he was no longer disabled as of June 7, 2011. At Mr. Rufkahr's request, an Administrative Law Judge ("ALJ") held a hearing on June 18, 2013, where Mr. Rufkahr appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Rufkahr and a vocational expert ("VE"). (Tr. 407-447)

The ALJ issued a decision on August 6, 2013, finding that, as of June 7, 2011, Mr. Rufkahr was no longer disabled. (Tr. 12-22) On October 17, 2013, the Appeals Council denied Mr. Rufkahr's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 4-6)

Mr. Rufkahr, who was 29 years old at the time of the hearing, had attended several semesters of college and had past relevant work experience as a radio broadcaster. (Tr. 417, 443)

## II. Decision of the Administrative Law Judge[1]

The ALJ noted that the most recent favorable medical decision finding Mr. Rufkahr disabled (called a "comparison point decision" or CPD), was dated February 22, 2006. When that CPD was issued, Mr. Rufkahr had the following impairments: residual injuries from a motor vehicle accident, a brain disorder, and a seizure disorder. (Tr. 13-14) However, the ALJ found that, as of June 7, 2011, Mr. Rufkahr no longer had an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14)

According to the ALJ, Mr. Rufkahr had the residual functional capacity ("RFC") to do the full range of work at all exertional levels, but was limited to work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote, with few variables and little judgment, and supervision is simple,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if not, whether there has been medical improvement; (4) if so, is the improvement related to the ability to work; (5) if no medical improvement, whether any exceptions apply; (6) whether the current impairments (or combination of impairments) are severe; (7) whether the current impairments (or combination of impairments) prevented the claimant from performing past relevant work; and (8) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1594(f)(1)-(8).

[2] 20 C.F.R. §§ 404.1525 and 404.1526.

direct, and concrete. He was able to understand, retain, and carry out simple instructions and make simple, work-related decisions. (Tr. 15) The VE testified that the jobs available with these limitations were machine feeder and conveyor feeder-offbearer. (Tr. 445)

After considering the VE's testimony, the ALJ determined that Mr. Rufkahr could perform a significant number of other jobs existing in the national economy, and found that Mr. Rufkahr was not disabled.

### III.  Analysis

#### A.  Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

#### B.  Mr. Rufkahr's Arguments for Reversal

Mr. Rufkahr asserts that the Commissioner's decision should be reversed because the finding that he is no longer disabled due to medical improvement is not supported by substantial evidence.

Medical improvement is defined as:

any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s). 20 C.F.R. § 404.1594(b)(1).

While there may be some evidence that Mr. Rufkahr continues to have limitations related to his earlier impairments, the ALJ's finding that Mr. Rufkahr could perform a full range of work is supported by the record. *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

Mr. Rufkahr concedes that he has not had a seizure since 2003, and that the seizures were "still controlled in 2011." (Doc. No. 11) Mr. Rufkahr argues, however, that there was no "medical improvement" since the 2006 disability determination because there "has been no significant change in his condition due to his seizure disorder." (*Id.*) Because Mr. Rufkahr had not had a seizure in over eleven years and medications controlled the impairment, the ALJ properly concluded that the seizure disorder was not disabling.[3]

Mr. Rufkahr also argues that the ALJ failed to consider his other impairments – residual injuries from a motor vehicle accident and a brain disorder. It is not clear whether "brain disorder" relates to Mr. Rufkahr's seizures or his memory loss. As noted, his

---

[3]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

4

seizures were under control.  As for the alleged "bad memory loss," Mr. Rufkahr testified that he had always had bad memory, so this impairment existed during his working years.[4] In 2011, Dr. Samuel Hester determined that Mr. Rufkahr was "likely able to cope with the typical mental demands of basic work-like tasks . . . [and had] the ability to attend and sustain concentration on basic tasks."  (Tr. 200-201)  Additionally, based on the records, Mr. Rufkahr had not regularly sought treatment for his memory issues.  Mr. Rufkahr had the burden to establish that his other impairments were severe; if the impairments had no more than minimal effect on his ability to work, they would not be deemed to be severe.[5]

Other evidence also supports the ALJ's findings.  First, Mr. Rufkahr did not get treatment for seizures from 2009 to April 2012.[6]  (Tr. 423)  Second, he had undergone only routine, conservative treatment for his alleged impairments.[7]  Third, Mr. Rufkahr testified that he was enrolled in college and planned to graduate with a computer science degree in December of 2014.  (Tr. 417-418)  Fourth, he worked during the alleged

---

[4]*Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994) ("[A] condition that was not disabling during working years and has not worsened cannot be used to prove present disability.").

[5]*Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007).

[6]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[7]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding that an ALJ may rely on the fact that a claimant has undergone only conservative treatment when evaluating the severity of the impairments).

disability period.[8]  (Tr. 420-422)  Finally, Mr. Rufkahr applied for worker's compensation during the relevant period.[9]  Accordingly, substantial evidence supported the ALJ's conclusion that Mr. Rufkahr was no longer disabled.

IV.     **Conclusion**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, Mr. Rufkahr's appeal is DENIED, and the Clerk of Court is directed to close the case.

IT IS SO ORDERED, this 12th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) ("Working generally demonstrates an ability to perform a substantial gainful activity.").

[9] *Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir. 1991) (When determining whether a claimant is able to work and weighing the claimant's credibility, an ALJ may consider the fact that the claimant applied for worker's compensation).